UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 26-1344-DMG (DTB)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Jiang Nan v. Kristi Noem, et al.* | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:   IN CHAMBERS—ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION, VACATING HEARING, AND TO FILE JOINT STATUS REPORT**

Petitioner Jiang Nan moves for a preliminary injunction granting his immediate release from immigration detention subject to reasonable conditions of supervision, an individualized bond hearing before an immigration judge or, alternatively, a declaration that his detention is governed by 8 U.S.C. § 1226(a) or § 1231(a)(6).  MPI at 3 [Doc. # 3].  He asserts he is in pre-order of removal hearings and has never been provided a bond hearing or individualized custody determination because Respondents have treated him as categorically subject to mandatory detention.  *Id.*  In the underlying habeas petition, Nan requests a bond hearing in which the burden is on the Government to demonstrate by clear and convincing evidence that his continued detention is justified based on a flight risk or danger to the community.  Petition at 13 [Doc. # 13].

In their response to the MPI, Respondents acknowledge that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)[.]"  Response at 2 [Doc. # 9].  They do not oppose relief in the form of ordering a bond hearing before an immigration judge under section 1226(a) "consistent with what Courts in this District have generally ordered in similar cases" and within seven days.  *Id.* at 2–3.  Accordingly, in light of the lack of any opposition to the MPI and pursuant to Local Civil Rule 7-12, the Court summarily **GRANTS** the MPI as unopposed.  The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived.  *See Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003).

Respondents shall provide Nan with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days of this Order or release him.  At the bond hearing, the burden shall be on the Government to establish, by clear and convincing evidence, that Nan is a flight risk or danger to the community, such that his physical custody is required.  The April 2, 2026 hearing on the MPI

---

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk DD |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **ED CV 26-1344-DMG (DTB)** | Date | March 31, 2026 |
|---|---|---|---|

| Title | *Jiang Nan v. Kristi Noem, et al.* | Page | 2 of 2 |
|---|---|---|---|

is **VACATED**.  Within 10 days of this Order, the parties shall file a joint status report regarding compliance with this Order and whether the habeas petition is moot.[1]

**IT IS SO ORDERED**.

---

[1] If any further issues remain, this case will be handled by the assigned United States Magistrate Judge.

---

CV-90                                    **CIVIL MINUTES—GENERAL**                        Initials of Deputy Clerk DD