**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES--GENERAL**

Case No.  **5:26-cv-01344-DMG-DTB**                          Date: **May 22, 2026**

Title:  **Jiang Nan v. Kristi Noem, et al**

================================================================

**DOCKET ENTRY**

================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| Rachel Maurice | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PETITIONER:            ATTORNEYS PRESENT FOR RESPONDENT:
        None present                                                            None present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE**

On March 21, 2026, petitioner Jiang Nan ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Docket No. 1). Petitioner also filed an Ex Parte Application for Temporary Restraining Order ("TRO Application"). (Docket No. 3).

On March 23, 2026, the District Judge issued an Order converting the TRO Application to a Motion for Preliminary Injunction ("March 23, 2026 Order"). (Docket No. 6). On March 31, 2026, the District Judge summarily granted the Motion for Preliminary Injunction as unopposed. (Docket No. 10). Respondents were ordered to provide Petitioner with a bond hearing pursuant to 8 U.S.C. section 1226(a) within seven days of the March 23, 2026 Order or release him. Within 10 days of the March 23, 2026 Order, the parties were to file a joint status report regarding compliance with the March 23, 2026 Order and whether the habeas petition was moot.

The parties failed to file a joint status report and on April 16, 2026, the Court issued an Order Requiring Joint Status Report. (Docket No. 11). On April 25, 2026, Respondents filed a Status Report (Docket No. 12), wherein they informed the Court that Petitioner's bond hearing was April 21, 2026 and following that hearing, the Immigration Judge found that the Department of Homeland Security had established by clear and convincing evidence that Petitioner was a flight risk. As such, Respondents contend that this action is now moot.

MINUTES FORM 11                                                            Initials of Deputy Clerk  RAM
CIVIL-GEN

On April 30, 2026, the Court ordered Respondents to lodge with the Court the transcript from the April 21, 2026 bond hearing as well as all exhibits submitted to the Immigration Judge in support of the bond hearing ("Lodgment").  (Docket No. 13).

On May 4, 2026, Respondents lodged the transcript and submitted exhibits from the bond hearing.  (Docket No. 14).  Respondents contend that the Court "does not have jurisdiction to re-weigh evidence or second guess the immigration judge's bond determination. *See* 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.")." (Lodgment at 2).

As noted in their Status Report, Respondents contend that the Petition is now moot.  The "basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  Nw. Envtl. Def. Ctr. v. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988).  "A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343, 345 (9th Cir. 1987); see also NASD Disp. Resol., Inc. v. Jud. Council, 488 F.3d 1065, 1068 (9th Cir. 2007) (finding the appeal to be moot when plaintiffs were already granted the relief that they sought). Further, courts have an obligation to consider mootness sua sponte, and should deny requested relief where it is superfluous.  In re Burrell, 415 F.3d 994, 997 (9th Cir. 2005).

Here, Petitioner requested a bond hearing or to be released from custody. (Docket No. 1 at  13).  Given that the relief sought by Petitioner has been provided, as evidenced by the April 21, 2026 bond hearing (see Status Report at 2-3; Exhibit "A"), the Court finds the Petition moot.

Accordingly, the Court ORDERS Petitioner to show cause in writing as to why the entire case should not be dismissed as moot by the end of day on May 29, 2026. Respondents shall thereafter respond by the end of day on June 3, 2026. Petitioner will be provided until the end of day on June 10, 2026 to reply to Respondent's response. No hearing will be held.

**IT IS SO ORDERED**.

MINUTES FORM 11
CIVIL-GEN

Initials of Deputy Clerk  RAM